IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LNV CORPORATION | : | |
| | : | |
| v. | : | No. 11-CV-7604 |
| | : | |
| ERIC A. JACKSON | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                    **MARCH  27 , 2012**

  Presently before the Court are Plaintiff's Motion For Default Judgment (ECF No. 4) and Defendant's Motion to Set Aside Default Pursuant to Federal Rule of Civil Procedure 55(c) and Plaintiff's Motion For Default Judgment (ECF No. 6).  For the following reasons, Defendant's Motion will be granted, and Plaintiff's Motion will be denied.

**I. BACKGROUND**

  On November 3, 2011, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County, seeking foreclosure on a mortgaged property owned by Defendant.  (Complaint, ECF No. 1-1.)  The Complaint was served on Defendant on November 14, 2011.  (Notice of Removal ¶ 3, ECF No. 1.)  On December 13, 2011, Defendant, represented by counsel, removed the case to this Court on the basis of federal question jurisdiction.  (*Id*. at ¶¶ 5-6.)  Defendant did not file an answer or other responsive pleading.

  On January 26, 2012, Plaintiff filed a request for default with the Clerk of Court.  (Default Request, ECF No. 3.)  The Clerk entered default against Defendant on January 27, 2012.  On March 9, 2012, Plaintiff filed a Motion for Default Judgment.  (Pl.'s Mot., ECF No. 4.)  On

March 19, 2012, Defendant filed a Motion to Set Aside Default.  (Def.'s Mot., ECF No. 5.)  Plaintiff responded to Defendant's Motion on March 23, 2012.  (Pl.'s Resp., ECF No. 7.)

## II. LEGAL STANDARD

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).[1]  The Third Circuit Court of Appeals has advised that it "disfavor[s] default judgments and encourag[es] decisions on the merits." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988).  In deciding whether to grant a default judgment or set aside an entry of default, three factors are considered:  "(1) prejudice to the plaintiff if the default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).  "[I]n a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983).

## III. DISCUSSION

### A. Defendant's Motion to Set Aside Default

Addressing first the issue of whether Plaintiff will be prejudiced if we set aside the default, "[d]elay in realizing satisfaction on a claim rarely serves to establish [the necessary] degree of prejudice." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982).  Rather, a showing of prejudice requires that a plaintiff's "ability to pursue the claim has been hindered" in a more significant way, such as "the loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Id*. at 657.

---

[1] Although both parties discuss the standard set forth in Federal Rule of Civil Procedure 60(b), that standard is only relevant if a party seeks relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  This Court has entered no prior orders in this action.

In its submissions, Plaintiff does not claim that it would be prejudiced if we were to set aside the default.  We are aware of no independent basis for concluding that Plaintiff would be prejudiced, other than by a short delay.  Accordingly, this factor weighs in favor of setting aside the default.

Addressing next whether Defendant has a litigable defense, "[t]he showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (citation omitted).  "It is not enough for Defendant to simply deny the factual allegations in Plaintiff's complaint.  Rather, Defendant must allege facts, which, if established, would enable Defendant to prevail in the action." *Bennett v. Transcare Ambulance Serv.*, No. 11-176, 2012 U.S. Dist. LEXIS 32361, at *4 (E.D. Pa. Mar. 9, 2012).

Defendant has proffered twenty-six affirmative defenses to Plaintiff's Complaint.  (Answer to Am. Compl. 12-17, ECF No. 6-3 Ex. A.)  Several of these affirmative defenses, if successful, would allow Plaintiff to prevail on the merits.  Accordingly, the second factor weighs in favor of Defendant.

Finally, addressing whether Defendant's delay is due to his own culpable conduct, "culpable conduct can include intentional conduct or reckless disregard for repeated communications from the Plaintiff or the Court." *Bennett*, 2012 U.S. Dist. LEXIS 32361, at *6-7.  It does not include "mere negligence on the part of the defendant." *Id*.

Defendant's delay does not rise to the level of conduct that would justify the extreme sanction of default judgment.  Defendant was represented by Counsel.  There is no indication that Plaintiff's Counsel attempted to communicate with Defense Counsel about the failure to file an

answer. Nor did Plaintiff ask the Court to intervene. We have no reason to believe that Defendant acted intentionally or recklessly. Counsel's conduct appears to be simple negligence in failing to file a timely Answer.

We do not excuse Defendant's conduct. However, after Defendant filed the Notice of Removal, Plaintiff was aware that Defendant was represented by Counsel and planned to contest Plaintiff's allegations. Both parties have clearly demonstrated their intention to litigate the substance of this action. Plaintiff has suffered no prejudice as a result of the brief delay caused by Defendant and considering the fact that Defendant attached its Answer to Plaintiff's Complaint to his Motion To Set Aside Default this matter is in a posture where it can immediately move forward. We are satisfied that Defendant's Motion to Set Aside Default should be granted.

### B. Plaintiff's Motion for Default Judgment

"The decision of whether to grant a default judgment is left to the sound discretion of the district court." *Bennett*, 2012 U.S. Dist. LEXIS 32361, at *3. We have set aside the Clerk's entry of default for the reasons discussed above. The entry of a default judgment is not appropriate. Plaintiff's Motion For Default Judgment will be denied.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion is granted, and Plaintiff's Motion is denied. An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**